UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:01-CV-00408-TBR

J. STEVEN ZEH, D.M.D., P.S.C., et. al                          Plaintiffs

v.

ORTHODONTIC CENTERS OF AMERICA,                     Defendants
INC. and ORTHODONTIC CENTERS OF
KENTUCKY, INC.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Orthodontic Centers of America, Inc., and Orthodontic Centers of Kentucky, Inc. (collectively "OCI") Motion to Reopen this Case and to Enforce the Settlement Agreement OCI entered into. (Docket No. 171.) Plaintiffs Dr. Steven Zeh and related entities' (hereafter collectively referred to as "Zeh") have responded. (Docket No. 173.) OCI has replied. (Docket No. 176.) This matter is ripe for adjudication. For the following reasons, the Court will **GRANT** OCI's Motion to Reopen the Case and **DENY** OCI's request for attorneys' fees.

Plaintiff Zeh has also moved to Reopen this Case and Enforce the Settlement Agreement by: (1) declaring any payment obligation of Zeh under the parties' Settlement Agreement was terminated when OCI filed for bankruptcy in March 2006; and (2) barring any further attempts by Defendant or its successors to enforce the Settlement Agreement against Zeh. (Docket No. 174.) OCI has responded. (Docket No. 176.) Zeh has replied. (Docket No. 178.) This matter is ripe for adjudication. For the following reasons, the Court will **DENY** Plaintiff Zeh's Motion to Reopen this Case and Enforce the Settlement Agreement by declaring Zeh's payment obligations were terminated when OCI filed for

1

bankruptcy in March 2006 and barring further attempts by Defendant or its successors to enforce the Settlement Agreement against Zeh.

In its July 23, 2004 Order, this Court retained jurisdiction over this matter for purposes of enforcement of the Settlement Agreement and Release, the Security Agreement, and the Amended Management and Business Services Agreement. (Docket No. 157.) OCI asserts that Zeh has breached the Settlement Agreement by failing to make the required monthly installment payments and invokes its right to accelerate all payments due under the Settlement Agreement. OCI requests the Court enter judgment in its favor for the remainder of the amount owed under the Settlement Agreement, plus pre and post judgment interest thereon, and reasonable attorneys' fees incurred in connection with this matter.

OCI states Zeh made the required monthly payment through March of 2006, but then stopped making further payments despite multiple demands from OCI for payment. As required by the Settlement Agreement, OCI has provided Zeh with notice of default. (Docket No. 173-1; 173-3.) Nevertheless, Zeh has failed and refused to make any payment under the Settlement Agreement since March of 2006.

Paragraph 10's Enforceability

Zeh agrees with OCI on all the above assertions, except as to the meaning of the Settlement Agreement and its obligation to OCI under the Settlement Agreement. Zeh points out that in March of 2006 OCI filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Louisiana (Case No. 06-101179). Paragraph 10 of the Settlement Agreement provides:

2

> 10. **Termination of Obligations.** Plaintiffs' obligation to make payment of the Monthly payments and Defendants' obligation to provide services in accordance with this Agreement, the MBSCA, and the Amended MBSA **shall cease in the event either Defendant becomes a debtor in a proceeding under the United States Bankruptcy Code**. The parties acknowledge that this agreement was reached as a result of mediation conducted by Hon. Thomas B. Russell, United States District Judge. It is the intention of both parties that this provision terminating Plaintiffs' obligations be enforceable if either or both Defendants become debtors in a bankruptcy proceeding. Because this Settlement Agreement resolves some claims which would have a special status in a bankruptcy proceeding, because of the parties' interest, because all parties were represented by counsel in arms-length negotiations, and because of Judge Russell's approval, this Paragraph is believed to be enforceable. (emphasis added.)

(Docket No. 171-3, Paragraph 10.) Zeh argues that pursuant to that paragraph Zeh's obligation to make payments and OCI's obligation to provide services ended in 2006 when OCI became a "debtor in a proceeding under the United States Bankruptcy Code."[1]

In OCI's response/reply brief, (Docket No. 176), they assert that these bankruptcy termination or "ipso facto" clauses are unenforceable as a matter of law. OCI argues the Bankruptcy Code itself expressly prohibits these types of clauses. Section 541(c)(1) of the Bankruptcy Code states:

> (c)(1) Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section **notwithstanding any provision in an agreement**, transfer instrument, or applicable nonbankruptcy law--
>   (A) that restricts or conditions transfer of such interest by the debtor; or
>   (B) **that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title**, or on the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement, **and that effects or gives an**

---

[1] Zeh has previously made this same argument in 2007 when asking the Court to reopen the case and declare Zeh was not in default of the Settlement Agreement. (Docket No. 171.) Notably, at that time, OCI made the same arguments as to why Paragraph 10 is unenforceable and Zeh failed to file a memorandum supporting its interpretation of Paragraph 10. Accordingly, the Court denied Zeh's motion to declare their payment obligation had been terminated, expressly noting Zeh's failure to file anything in support of their position. (Docket No. 168.)

3

> **option to effect a forfeiture, modification, or termination of the debtor's interest in property**. (emphasis added.)

11 U.S.C. § 541. Section 365(e) similarly provides:

> (e)(1) Notwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified, and **any right or obligation under such contract or lease may not be terminated or modified**, at any time after the commencement of the case **solely because of a provision in such contract or lease** that is conditioned on--
>   (A) the **insolvency or financial condition** of the debtor at any time before the closing of the case;
>   (B) **the commencement of a case under this title**; or
>   (C) the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement. (emphasis added.)

11 U.S.C. § 365. Case law finds that contractual provisions attempting to modify or terminate a debtor's interest in property upon the filing of bankruptcy are not valid. *See, e.g., In Re: Governmental Securities Corp.,* 972 F.2d 328, 329 (11th Cir. 1992); *In re: Robert L. Helms Construct and Development Co., Inc.*, 139 F.3d 702 (9th Cir. 1998).[2]

The Court agrees with OCI that the fact that Paragraph 10 declares the parties "believe" it to be enforceable does not make it enforceable. The Bankruptcy Code expressly prohibits these clauses and does not delineate an exception to this prohibition for clauses the parties "believe" to be enforceable.[3] Notably, the Bankruptcy Court's Confirmation Order expressly preserved OCI's ability to pursue claims existing before the bankruptcy. (Docket No. 176-1, Exhibit A.) Despite Plaintiffs' contentions otherwise,

---

[2] The Court notes that Kentucky law may also support the conclusion that Paragraph 10 is unenforceable because Kentucky courts refuse to enforce contractual provisions that amount to nothing more than a penalty or forfeiture clause. *See, e.g., Man O'War Restaurants, Inc. v. Martin*, 932 S.W.2d 366 (Ky. 1996); *Mattingly Bridge Co., Inc. v. Holloway & Son Const. Co.*, 694 S.W.2d 702, 706 (Ky. 1985). However, the Court need not decide whether or not Kentucky law would in fact find such a provision unenforceable, as the Bankruptcy Code—federal law—clearly would find it unenforceable.

[3] Furthermore, courts possess the power to refuse to enforce a contractual provision that violates law or public policy. *See, e.g., United Paperworkers Intern union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 42 (1987) ("[A] court may refuse to enforce contracts that violate law or public policy. That doctrine derives from the basic notion that no court will lend its aid to one who founds a cause of action upon an immoral or illegal act . . .").

(Docket No. 178, Page 2-3), the Court does not find that an estoppel theory or the consideration of "protecting the integrity of the judicial process" requires a different result.[4] (Docket No. 178.) Federal law is clear that these provisions are unenforceable.

Course of Performance Issue

Alternatively, Zeh argues that OCI's "seven years of silence" between the first default letter in 2006 and the second default letter in 2013 "should be considered a course of performance demonstrating the acquiescence of OCI to the interpretation of the Settlement Agreement by counsel for Dr. Zeh."[5] (Docket No. 173, Page 4.) OCI argues it has not been "silent" on this issue. To the contrary, in response to Zeh's motion to reopen the case and declare Zeh was not in default of the Settlement Agreement in 2007, (Docket No. 171), OCI filed two memoranda supporting its position that Zeh was still in breach of the Settlement Agreement. The Court agrees with OCI that the record reflects OCI has consistently refuted Zeh's interpretation of the agreement, specifically the enforceability of Paragraph 10.[6]

Because Paragraph 10 is unenforceable under the Bankruptcy Code—which is supported by case law—and Zeh has not made any argument or cited any precedent that requires a different result, the Court finds that Paragraph 10 is unenforceable. The Court also finds at this stage of the proceedings and the facts before the Court that OCI's "course

---

[4] The Court notes it was involved in the facilitation of the settlement, but had no control over and offered no suggestions as to the terms of the settlement.
[5] In response to each default letter, Zeh's counsel sent a letter to OCI asserting its reliance on Paragraph 10 for the proposition it no longer had an obligation to OCI under the Settlement Agreement. (Docket No. 173-2; 173-3.)
[6] The result may have been different if, hypothetically, OCI had never indicated it disagreed with Zeh's interpretation of Paragraph 10.

5

of performance" did not result in the acquiescence of OCI to Zeh's interpretation of the Settlement Agreement, such as to deny the motion to reopen the case at this time.

Accordingly, the Court **GRANTS** OCI's Motion to Reopen the Case. The Court will **DENY** OCI's request for attorneys' fees, as the Court finds no grounds or authority upon which to award attorneys' fees. The Court will also **DENY** Plaintiff Zeh's Motion to Reopen this Case and Enforce the Settlement Agreement by declaring Zeh's payment obligations were terminated when OCI filed bankruptcy in March 2006 and barring further attempts by Defendant or its successors to enforce the Settlement Agreement against Zeh.

IT IS SO ORDERED.

Date:

cc: Counsel